**FELDMAN & ASSOCIATES, PLLC**
570 Grand Avenue
Englewood, New Jersey 07631
201-645-4559
Attorneys for Plaintiff

-------------------------------------------------------X

99 SECOND REALTY LLC,

                             Plaintiff

                 vs.

1.    187 PINE STREET ASSOCIATES, LLC
2.    AJIT SINGH BAINS
3.    DALJIT BAINS
JOHN DOE "1" through JOHN DOE "10"
both inclusive; Defendants JOHN DOE "1"
through JOHN DOE "10" regardless of
number being each a separate Defendant and
being fictitious and unknown to the Plaintiff,
the persons or parties intended being the
tenants,  occupants, persons or corporations,
if any, having or claiming an interest in or
lien upon the premises described in the
complaint;

                       Defendants

-------------------------------------------------------X

**SUPERIOR COURT OF NEW JERSEY**
**CHANCERY DIVISION**
**HUDSON COUNTY**
**Docket No. SWC-F-007273-20**

**CIVIL ACTION**

**AMENDED COMPLAINT**
**IN FORECLOSURE**

Plaintiff, 99 SECOND REALTY LLC (hereinafter **"Plaintiff"**), a New York limited liability company having its principal offices at 377 Park Avenue South, 3rd Floor, in the City, County and State of New York, by way of Complaint against Defendants states:

FIRST COUNT

1.    Plaintiff is the owner of the building in the City, County and State of New York located at 99 Second Avenue (the **"Building"**).

2.    BLCH I, LLC (**"BLCH"**) was a tenant in the Building pursuant to a written lease.

3.    Plaintiff lawfully evicted BLCH on April 30, 2015.  However, Plaintiff agreed to restore BLCH into possession pursuant to a certain Stipulation of Settlement (**"Stipulation"**)

dated March 20, 2016 in favor of Plaintiff , a copy of which is annexed hereto as Exhibit A.

4. Defendant AJIT BAINS had guaranteed the lease between Plaintiff and BLCH.  The three Defendants herein (collectively, **"Guarantors"**), executed the Stipulation as Guarantors of, *inter alia*, of the payments due thereunder.

5. As security for their guaranty of the Stipulation, Guarantors executed Mortgages (individually **"Mortgage"** and, collectively **"Mortgages"**) in favor of Plaintiff , each in the face amount of $686,502.13, dated March 10, 2016.

6. The Mortgage executed and delivered by Defendant 187 PINE STREET ASSOCIATES, LLC was recorded in the Office of the Register of Hudson County on April 20, 2016 in Book 18720, page 744.  A copy of the recorded Mortgage is annexed hereto as Exhibit B.

7. Said Mortgage presently encumbers certain real property and improvements located in the City of Jersey City, County of Hudson, as more fully described in said Mortgage.

8. The Mortgage executed and delivered by Defendants AJIT SINGH BAINS and DALJIT BAINS was recorded in the recorded in the Office of the Clerk of Mercer County on April 11, 2016 in Book 11192, page 750.  A copy of the recorded Mortgage is annexed hereto as Exhibit C.

9. Said Mortgage presently encumbers certain real property and improvements located in the Township of West Windsor, County of Mercer, State of New Jersey as more fully described in said Mortgage.

10. The signatories to the Stipulation defaulted under the terms of the Stipulation, by not paying the monthly payments amount as and when due.  Guarantors also defaulted under the terms of the Stipulation, by not paying the monthly payments amount as and when due

after the default of BLCH.  As a result a letter was sent to Guarantors on December 2, 2016

notifying them of the default.  As of that date a total of $558,949.69 was due and owing (a

copy of the letter and attachments is annexed as Exhibit D).

11.    Since such date payments were received until April 18, 2018; however, the amounts due

exceeded the payments and BLCH did not vacate until August 2018.  As a result, as of

August 1, 2018 the total due from BLCH and, thus, Guarantors was $99,513.73 for the

second floor and $721,786.06 for the store space, for a total of $821,299.79 as set forth on

Plaintiff's ledgers, a copy of which is annexed as Exhibit E.

12.    Despite due demand Guarantors failed to pay said $821,299.79, which amount remains

outstanding.

WHEREFORE, Plaintiff, 99 SECOND REALTY LLC, demands judgment against Defendants as

follows:

(a)    In the amount of $821,299.79  due on the Stipulation as secured by its Mortgage;

(b)    Barring and foreclosing defendants and all of them from all equity of redemption
       in and to the Mortgaged Premises;

(c)    Directing that Plaintiff be paid the amount due on its Mortgage together with
       interest to date of payment plus costs of suit, including reasonable counsel fees;

(d)    Directing that the Mortgaged Premises be sold according to law to satisfy the
       amount due Plaintiff and should such sales not yield sufficient sums to satisfy the
       amount due Plaintiff, Plaintiff be awarded judgment in the amountof such
       deficiency; and

(e)    Directing that Plaintiff be granted the right to possession of the Mortgaged
       Premises, or at Plaintiff's option, appointing a Receiver of the rents and profits of
       the Mortgaged Premises;  and

(f)    Such other relief as the Court shall deem equitable.

## SECOND COUNT

1.    Plaintiff, repeats each and every allegation set forth in the First Count and expressly makes

same part of this Second Count as if more fully set forth herein.

2.      Plaintiff demands of Defendants possession of the Mortgaged Premises with the appurtenances.

3.      Plaintiff states that its right to possession of the Mortgaged Premises occurred on or about August 1, 2018.

4.      Borrowers have wrongfully deprived Plaintiff of possession of said Mortgaged Premises and appurtenances thereto since said date.

WHEREFORE, Plaintiff, 99 SECOND REALTY LLC, demands judgment against Defendants granting:

(a) Possession of the Mortgaged Premises and appurtenances;

(b) Damages for mesne profits; and

(c) Costs of suit including reasonable counsel fees.

FELDMAN & ASSOCIATES, PLLC
Attorneys for Plaintiff

BY: _____
        EDWARD S. FELDMAN, ESQ.

Dated: August 7, 2020

CERTIFICATION

Plaintiff, by its attorneys, hereby certifies that the within action is not the subject of any other

action pending in any court or any arbitration proceeding nor is any other action or arbitration

proceeding contemplated.

FELDMAN & ASSOCIATES, PLLC
Attorneys for Plaintiff


BY:_____
        EDWARD S. FELDMAN, ESQ.

Dated: August 7, 2020

# EXHIBIT A
# STIPULATION

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52
-----------------------------------------------X
99 SECOND REALTY LLC,                                    Index No.
                                                        L&T 60272/13
                    Petitioner/Landlord,

            -against-

BLCH I LLC,

                    Respondent/Tenant,

            -and-

ABC CORP.,

                    Respondent(s)/Undertenant(s).

Premises:       The Store and Partial Basement
                thereunder in the Building known as
                99 Second Avenue
                New York, New York 10003
-----------------------------------------------X

        **WHEREAS**, Petitioner 99 Second Realty LLC ("Petitioner") is
the owner and landlord of The Store and Partial Basement
thereunder ("Premises") in the building known as and located at
99 Second Avenue, New York, New York; and

        **WHEREAS**, Respondent BLCH I LLC ("Respondent") is the former
tenant of the Premises pursuant to a lease for the Premises
("Lease") having been lawfully evicted from the Premises on April
30, 2015; and

        **WHEREAS**, Respondent acknowledges that it was lawfully
evicted from the Premises by a New York City Marshal on April 30,
2015 and has no rights to possession of the Premises but has
nevertheless requested that it be restored to possession of the
Premises and that the Lease for the Premises be reinstated
conditioned upon its payment of all rents, additional rents and
legal fees in accordance with the terms of this Stipulation; and

        **WHEREAS**, while under no obligation to do so, Petitioner has
agreed to restore Respondent to possession of the Premises
following its eviction and to reinstate the Lease for the
Premises conditioned upon Respondent's strict compliance with the
terms of this Stipulation; and

NOW, based on the foregoing, it is hereby agreed by and between the respective parties as follows:

1.    The above referenced recitals are specifically incorporated into the body of this Stipulation and shall be binding upon the parties hereto, to the extent applicable.

2.    Respondent acknowledges that there is currently $441,433.50 due and owing in rents and additional rents (exclusive of late fees) due through March 31, 2016 (the "Arrears").

3.    Respondents shall repay the Arrears in forty-eight (48) consecutive monthly payments in the amount of $10,165.90 commencing upon the execution of this Stipulation and on the 15th day of every month hereafter commencing April 15, 2016 and for forty-six (46) consecutive months thereafter ("Arrears Payments").  The Arrears Payments shall be made by bank or certified checks only made payable to the Petitioner.

4.    Upon the payment due simultaneously herewith, Petitioner shall restore Respondent to possession of the Premises and shall reinstate the Lease.

5.    In addition to the Arrears Payments, Respondent shall timely pay all rent and additional rent due pursuant to the Lease for the Premises ("Current Rent Payments") commencing with the April 1, 2016 rent and additional rent.

6.    In the event Respondent fails to timely make any of the Arrears Payments or Current Rent Payments, then after five (5) days written notice (single notice), by hand delivery, overnight mail or certified mail, return receipt requested to the Premises, Petitioner shall cause the marshal to re-execute on the Warrant of Eviction.  In addition, Petitioner may enforce its rights with respect to all present and future monies owed (less any payments made).  Notice shall be deemed received on the date of delivery or rejection or two (2) days after mailing.

7.    Time is of the essence with respect to Respondent's obligations to make all payments in this Stipulation.  All payments shall be made by bank's check or money order.  Petitioner may accept partial payments without prejudice.

8.    In order to induce Petitioner to enter into this Stipulation and in consideration of the Petitioner restoring Respondent to possession of the Premises and reinstating the Leases, 187 PINE STREET ASSOCIATES, LLC, a New Jersey limited liability company with offices located at 102 Aspen Drive, West Windsor, New Jersey 08850 and AJIT SINGH BAINS and DALJIT BAINS, residing at 102 Aspen Drive, West Windsor, New Jersey 08850

-2-

(collectively "Guarantors"), hereby unconditionally and irrevocably guarantee to Petitioner, its endorsees, transferees, successors and assigns, jointly and severally, the full and prompt payment of the Arrears pursuant to their Guaranty and Security Agreement dated this day secured by the collateral set forth in such Agreement.

9.   The obligations of Respondent pursuant to the Leases continue to be guaranteed by AJIT BAINS and SATINDER SHARMA ("Lease Guarantors") pursuant to their Limited Guaranty dated on February 18, 2011 ("Limited Guarantees"), which are hereby ratified and confirmed.

10.   This Stipulation is being signed simultaneously with the Stipulation under Index No. L&T 60271/13 and a default thereunder shall be deemed a default hereunder.

11.   It is understood that provided the Arrears continue to be paid as required herein, the payments shall not be accelerated as a result of any future breach of the Leases or any Bankruptcy filings by any of the Guarantors and the Lease Guarantors shall be limited to their obligations pursuant to the Limited Guarantees

12.   The parties and attorneys executing this Stipulation represent that they have the full authority to enter into this Stipulation.  This Stipulation shall be binding and enforceable even if not so-ordered by a Judge.

13.   This Stipulation may be submitted by Petitioner, *ex parte*, for the purpose of causing the Stipulation to be "so-ordered".

14.   The within Stipulation may not be changed or modified in any manner whatsoever except by a written document signed by all the parties hereto and so-ordered by any Judge of the Civil Court of the City of New York.

15.   This Stipulation may be executed in counterparts and facsimile and/or e-mail signatures shall be deemed the original for purposes of filing.

SIGNATURES ON FOLLOWING PAGE

Dated: New York, New York     99 SECOND REALTY LLC
      March 10, 2016             Petitioner

By: _____
      GEORGE LAVIAN, Member

JAY L. YACKOW
Attorney for Petitioner


By: _____
      JAY L. YACKOW, ESQ.

BLCH I LLC

By: _____
      AJIT BAINS, MEMBER

NITIN KAUSHIK
Attorney for Respondents
and Guarantors
      DEEPTI VITHAL, ESq.
By: _____


LEASE GUARANTORS:

_____
AJIT BAINS

_____
SATINDER SHARMA

GUARANTORS:

_____
AJIT SINGH BAINS

_____
DALJIT K. BAINS

187 PINE STREET ASSOCIATES, LLC


By _____
    AJIT BAINS, MANAGING MEMBER

-4-

### ARREARS PAYMENTS AND CURRENT RENT PAYMENTS SCHEDULE

| | | |
|---|---|---|
| Beginning Balance - Per Stipulation | $441,433.50 | |
| Late Charge waived for March, 2016 | 1,043.35 | |
| Adjustment | [        6.15] | |
| | | |
| Per ledger | | $442,470.70 |

Current Rent Payments Due Per Stipulation:

| | | |
|---|---|---|
| 4/1/16 w/ late charge | $  22,750.35 | |
| Bounced Check Charge | 25.00 | |
| 5/1/16 w/ late charge | $  22,750.35 | |
| 6/1/16 w/ late charge | $  22,750.35 | |
| 7/1/16 w/ late charge | $  23,005.35 | |
| 8/1/16 w/ late charge | $  23,005.35 | |
| 9/1/16 w/ late charge | $  23,005.35 | |
| Bounced Check Charge | 25.00 | |
| 10/1/16 w/ late charge | $  23,005.35 | |
| 11/1/16 w/ late charge | $  23,005.35 | |
| Bounced Check Charges | 50.00 | |
| 11/23/16 Water and Sewer Charges | $  18,285.09 | |
| 12/1/16 Rent | $  21,962.00 | |
| | | |
| Total Current Rent Payments Due Per Stipulation: | $223,624.89 | $223,624.89 |

Arrears Payments Due Per Stipulation:

| | | |
|---|---|---|
| 4/15/16 | $ 10,165.90 | |
| 5/15/16 | $ 10,165.90 | |
| 6/15/16 | $ 10,165.90 | |
| 7/15/16 | $ 10,165.90 | |
| 8/15/16 | $ 10,165.90 | |
| 9/15/16 | $ 10,165.90 | |
| 10/15/16 | $ 10,165.90 | |
| 11/15/16 | $ 10,165.90 | |
| | | |
| Total Arrears Payments Due Per Stipulation: | $ 81,327.20 | |
| | | |
| Total Current Rent Payments and Arrears Payments Due Per Stipulation: | $304,952.09 | |

Less: Payments Made:

| | | | |
|---|---|---|---|
| 3/29/16 | $ 10,165.90 | | |
| 4/21/16 | 20,000.00 | | |
| 6/10/16 | 20,990.00 | | |
| 8/1/16 | 20,990.00 | | |
| 8/22/16 | 5,000.00 | | |
| 8/23/16 | 5,000.00 | | |
| 10/5/16 | 5,000.00 | | |
| 11/15/16 | 15,000.00 | | |
| 11/22/16 | 5,000.00 | | |
| | | | |
| Total Payments Made: | $107,145.90 | $107,145.90 | $107,145.90 |
| | | | |
| Balance Due To Date: | | $197,806.19 | |
| | | | |
| Balance Per Ledger | | | $558,949.69 |

### *99 Second Realty, LLC*

*377 Park Ave South, 3rd Floor*
*New York, NY 10016*
*212-213-2500*

# Statement

BLCH I, LLC
99 Second Avenue,   STORE
New York, NY  10003

| Date |
|---|
| December 02, 2016 |

**Opening Balance**  $373,376.36

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| 01/01/2016 | Rent | 20,259.00 | | 393,635.36 |
| 01/01/2016 | Real Estate Taxes | 840.00 | | 394,475.36 |
| 01/11/2016 | Late Fees | 1,012.95 | | 395,488.31 |
| 01/21/2016 | Payment | | 20,990.00 | 374,498.31 |
| 01/26/2016 | Water & Sewer ( Oct 14 - Jan 13, 2016 ) | 4,806.69 | | 379,305.00 |
| 01/26/2016 | Water & Sewer ( Service Fee ) | 150.00 | | 379,455.00 |
| 02/01/2016 | Rent | 20,867.00 | | 400,322.00 |
| 02/01/2016 | Real Estate Taxes | 840.00 | | 401,162.00 |
| 02/02/2016 | NSF Check Fee | 25.00 | | 401,187.00 |
| 02/02/2016 | NSF Check | 20,990.00 | | 422,177.00 |
| 02/10/2016 | Payment | | 16,000.00 | 406,177.00 |
| 02/11/2016 | Late Fees | 1,043.35 | | 407,220.35 |
| 03/01/2016 | Rent | 20,867.00 | | 428,087.35 |
| 03/01/2016 | Real Estate Taxes | 840.00 | | 428,927.35 |
| 03/10/2016 | Legal Fees | 12,500.00 | | 441,427.35 |
| 03/11/2016 | Late Fees | 1,043.35 | | 442,470.70 |
| 03/29/2016 | Payment | | 10,165.90 | 432,304.80 |
| 04/01/2016 | Rent | 20,867.00 | | 453,171.80 |
| 04/01/2016 | Real Estate Taxes | 840.00 | | 454,011.80 |
| 04/11/2016 | Late Fees | 1,043.35 | | 455,055.15 |
| 04/13/2016 | Payment | | 10,495.00 | 444,560.15 |
| 04/21/2016 | NSF Check Fee | 25.00 | | 444,585.15 |
| 04/21/2016 | NSF Check | 10,495.00 | | 455,080.15 |
| 04/21/2016 | Payment | | 20,000.00 | 435,080.15 |
| 05/01/2016 | Rent | 20,867.00 | | 455,947.15 |
| 05/01/2016 | Real Estate Taxes | 840.00 | | 456,787.15 |
| 05/11/2016 | Late Fees | 1,043.35 | | 457,830.50 |
| 06/01/2016 | Rent | 20,867.00 | | 478,697.50 |
| 06/01/2016 | Real Estate Taxes | 840.00 | | 479,537.50 |
| 06/10/2016 | Payment | | 20,990.00 | 458,547.50 |
| 06/11/2016 | Late Fees | 1,043.35 | | 459,590.85 |
| 07/01/2016 | Rent | 20,867.00 | | 480,457.85 |
| 07/01/2016 | Real Estate Taxes | 1,095.00 | | 481,552.85 |
| 07/11/2016 | Late Fees | 1,043.35 | | 482,596.20 |
| 07/12/2016 | Payment | | 20,990.00 | 461,606.20 |
| 08/01/2016 | Rent | 20,867.00 | | 482,473.20 |
| 08/01/2016 | Real Estate Taxes | 1,095.00 | | 483,568.20 |
| 08/11/2016 | Late Fees | 1,043.35 | | 484,611.55 |
| 08/22/2016 | Payment | | 5,000.00 | 479,611.55 |
| 08/23/2016 | Payment | | 5,000.00 | 474,611.55 |
| 09/01/2016 | Rent | 20,867.00 | | 495,478.55 |
| 09/01/2016 | Real Estate Taxes | 1,095.00 | | 496,573.55 |
| 09/11/2016 | Late Fees | 1,043.35 | | 497,616.90 |
| 09/21/2016 | Payment | | 5,000.00 | 492,616.90 |

# Statement

BLCH I, LLC
99 Second Avenue,   STORE
New York, NY  10003

| Date |
| --- |
| December 02, 2016 |

| Date | Description | Charges | Payments | Balance |
| --- | --- | --- | --- | --- |
| 09/28/2016 | NSF Check | 5,000.00 | | 497,616.90 |
| 09/28/2016 | NSF Check Fee | 25.00 | | 497,641.90 |
| 10/01/2016 | Rent | 20,867.00 | | 518,508.90 |
| 10/01/2016 | Real Estate Taxes | 1,095.00 | | 519,603.90 |
| 10/05/2016 | Payment | | 5,000.00 | 514,603.90 |
| 10/11/2016 | Late Fees | 1,043.35 | | 515,647.25 |
| 10/27/2016 | Payment | | 5,000.00 | 510,647.25 |
| 10/31/2016 | Payment | | 5,000.00 | 505,647.25 |
| 11/01/2016 | Rent | 20,867.00 | | 526,514.25 |
| 11/01/2016 | Real Estate Taxes | 1,095.00 | | 527,609.25 |
| 11/04/2016 | NSF Check | 5,000.00 | | 532,609.25 |
| 11/04/2016 | NSF Check Fee | 25.00 | | 532,634.25 |
| 11/04/2016 | NSF Check | 5,000.00 | | 537,634.25 |
| 11/04/2016 | NSF Check Fee | 25.00 | | 537,659.25 |
| 11/11/2016 | Late Fees | 1,043.35 | | 538,702.60 |
| 11/15/2016 | Payment | | 15,000.00 | 523,702.60 |
| 11/22/2016 | Payment | | 5,000.00 | 518,702.60 |
| 11/23/2016 | Water & Sewer ( 1/13 - 4/13/16 ) | 3,730.86 | | 522,433.46 |
| 11/23/2016 | Water & Sewer ( Service Fee ) | 150.00 | | 522,583.46 |
| 11/23/2016 | Water & Sewer ( 4/13 - 7/13/16 ) | 5,389.02 | | 527,972.48 |
| 11/23/2016 | Water & Sewer ( Service Fee ) | 150.00 | | 528,122.48 |
| 11/23/2016 | Water & Sewer ( 7/13 - 10/27 ) | 8,715.21 | | 536,837.69 |
| 11/23/2016 | Water & Sewer ( Service Fee ) | 150.00 | | 536,987.69 |
| 12/01/2016 | Rent | 20,867.00 | | 557,854.69 |
| 12/01/2016 | Real Estate Taxes | 1,095.00 | | 558,949.69 |
| | | $355,204.23 | $169,630.90 | $558,949.69 |

| | 0-30 days | 31-60 days | 61-90 days | 91+ days | Other | Amount Due |
| --- | --- | --- | --- | --- | --- | --- |
| | $ 51,340.44 | $ 23,005.35 | $ 28,030.35 | $ 456,573.55 | $ 0.00 | $558,949.69 |

Page 2 of 2

# EXHIBIT B
# MORTGAGE RECORDED
# IN HUDSON COUNTY

Hudson County Register 20160420060062330 Bk:18720 Pg:744 1/5

## Mortgage

This mortgage is made on March 10, 2016

> 20160420060062330   1/5
> 04/20/2016 10:43:14 AM  MORTGAGES
> Bk: 18720 Pg: 744
> Pamela E. Gardner
> Hudson County, Register of Deeds
> Receipt No. 1115692

**BETWEEN**

**187 PINE STREET ASSOCIATES, LLC**, a New Jersey limited liability company whose address is 104 Aspen Drive, West Windsor, New Jersey 08550

referred to as the "Mortgagor"

**AND**

**99 SECOND REALTY LLC**, a New York limited liability company whose address is 377 Park Avenue South, 3rd floor, New York, New York 10016

referred to as the "Secured Party"

**1.** This mortgage is given as collateral pursuant to a Guaranty and Security Agreement of even date made by the mortgagors to the secured party guarantying the liabilities of BLCH I LLC, AJIT BAINS and SATINDER SHARMA to secured party in the amount of $686,502.13 and securing the guaranty with this mortgage.

**2. Property Mortgaged.**   The property mortgaged (called the "Property") to the secured party is located in the City of Jersey City, County of Hudson and State of New Jersey.  The Property includes: (a) the land; (b) all buildings that are now, or will be, located on the land; (c) all fixtures that are now, or will be, attached to the land or building(s) (for example, furnaces, bathroom fixtures and kitchen cabinets); (d) all condemnation awards and insurance proceeds relating to the land and building(s); and (e) all other rights that mortgagor has, or will have, as owner of the Property. The legal description is: Block 2021, Lot 88

See attached Legal Description annexed hereto and made a part hereof.

**3.   Rights Given to Secured Party.**      Mortgagor mortgages the Property to the secured party. This means that mortgagor gives the secured party those rights stated in this Mortgage and also those rights the law gives to secured parties who hold mortgages on real property. When mortgagor pay all amounts due to the secured party under the Guaranty and Security Agreement and this Mortgage, the secured party's rights under this Mortgage will end. The secured party will then cancel this Mortgage at mortgagor's expense.

**4. Promises.**  Mortgagor makes the following promises to the Secured party:

  a.  Mortgagor will comply with all of the terms of the Guaranty and Security Agreement and this Mortgage.

  b.  Mortgagor will make all payments required by the Guaranty and Security Agreement and this Mortgage.

  **c. Ownership.**   Mortgagor warrants title to the premises (N.J.S.A. 46:9-2). This means mortgagor owns the Property and will defend mortgagor's ownership against all claims.

  **d. Liens and Taxes.**   Mortgagor will pay all liens, taxes, assessments and other government charges made against the Property when due. Mortgagor will not claim any deduction from the taxable value of the Property because of this Mortgage. Mortgagor will not claim any credit against the liabilities payable under the Guaranty and Security Agreement and this Mortgage for any taxes paid on the Property.

Hudson County Register 20160420060062330 2/5

**e. Insurance.** Mortgagor must maintain extended coverage fire or property insurance on the Property. The secured party may also require that mortgagor maintain flood insurance or other types of insurance. The insurance companies, policies, amounts, and types of coverage must be acceptable to the secured party. Mortgagor notifies the secured party in the event of any substantial loss or damage. The secured party may then settle the claim on mortgagor's behalf if mortgagor fails to do so. All payments from the insurance company must be payable to the secured party under a "standard mortgage clause" in the insurance policy. The secured party may use any proceeds to repair and restore the Property or to reduce the amount due under the Guaranty and Security Agreement and this Mortgage. This will not delay the due date for any payment under the Guaranty and Security Agreement and this Mortgage.

**f. Repairs.** Mortgagor will keep the Property in good repair, neither damaging nor abandoning it. Mortgagor will allow the secured party to inspect the Property upon reasonable notice to me.

**g. Statement of Amount Due.** Upon request of the secured party, mortgagor will certify to the secured party in writing: (a) the amount due on the Guaranty and Security Agreement and this Mortgage, and (b) whether or not mortgagor has any defense to mortgagor's obligations under the Guaranty and Security Agreement and this Mortgage.

**h. Rent.** Mortgagor will not accept rent from any tenant for more than one month in advance.

**i. Lawful Use.** Mortgagor will use the Property in compliance with all laws, ordinances and other requirements of any governmental authority.

**5. Eminent Domain.** All or part of the Property may be taken by a government entity for public use. If this occurs, mortgagor agrees that any compensation be given to the secured party. The secured party may use this to repair and restore the Property or to reduce the amount owed on the Guaranty and Security Agreement and this Mortgage. This will not delay the due date for any further payment under the Guaranty and Security Agreement and this Mortgage. Any remaining balance will be paid to mortgagor.

**6. Intentionally Deleted.**

**7. Payments Made for Mortgagor.** If mortgagor does not make all of the repairs or payments as agreed in this Mortgage, the secured party may do so for mortgagor. The cost of these repairs and payments will be added to the liabilities, will bear interest at the same rate provided in the Guaranty and Security Agreement and will be repaid to the secured party upon demand.

**8. Default.** The secured party may declare that mortgagor in default on the Guaranty and Security Agreement and this Mortgage if:

    **a.** Mortgagor fails to make any payment required by the Guaranty and Security Agreement and this Mortgage;
    **b.** Mortgagor fails to keep any other promise mortgagor makes in this Mortgage;
    **c.** the ownership of the Property is changed for any reason;
    **d.** the holder of any lien on the Property starts foreclosure proceedings; or
    **e.** bankruptcy, insolvency or receivership proceedings are started by or against the mortgagor.

**9. Payments Due Upon Default.** If the secured party declares that mortgagor is in default, mortgagor must immediately pay the full amount of all unpaid liabilities and other amounts due pursuant to the Guaranty and Security Agreement and this Mortgage and the secured party's costs of collection and reasonable attorney fees.

-2-

Hudson County Register 20160420060062330 3/5

**10. Secured Party's Rights Upon Default.**    If the secured party declares that the Guaranty and Security Agreement and this Mortgage are in default, the secured party will have all rights given by law or set forth in this Mortgage. This includes the right to do any one or more of the following:

  **a.** take possession of and manage the Property, including the collection of rents and profits;
  **b.** have a court appoint a receiver to accept rent for the Property (mortgagor consents to this);
  **c.** start a court action, known as foreclosure, which will result in a sale of the Property to reduce mortgagor's obligations under the Guaranty and Security Agreement and this Mortgage; and
  **d.** sue mortgagor for any money that mortgagor owes the secured party.

**11. Notices.**    All notices must be in writing and personally delivered or sent by certified mail, return receipt requested, to the address given in this Mortgage. Address changes may be made upon notice to the other party.  Notices shall be deemed received upon delivery or rejection or two (2) days after mailing.

**12. No Waiver by Secured Party.**    Secured party may exercise any right under this Mortgage or under any law, even if secured party has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Secured party does not waive its right to declare that mortgagor is in default by making payments or incurring expenses on mortgagor's behalf.

**13. Each Person Liable.**    This Mortgage is legally binding upon mortgagor and all who succeed to its responsibilities (such as heirs and executors). The secured party may enforce any of the provisions of the Guaranty and Security Agreement and this Mortgage against the mortgagor who signs this Mortgage.

**14. No Oral Changes.**    This Mortgage can only be changed by an agreement in writing signed by both the mortgagor and the secured party.

  **15. Signatures.**  Mortgagor agrees to the terms of this Mortgage.

Witnessed or Attested by:

187 PINE STEEET ASSOCIATES, LLC

By _____
AJIT SNGH BAINS, MANAGING MEMBER

_____

-3-

Hudson County Register 20160420060062330 4/5

STATE OF NEW JERSEY, COUNTY OF                                                    SS:

I CERTIFY that on                              personally came before me and stated to my satisfaction that
this person (or if more than one, each person): (a) was the maker of the attached instrument; and,
(b) executed this instrument as his or her own act.

_____

*Print name and title below signature*

STATE OF NEW YORK, COUNTY OF NEW YORK                          SS:

I CERTIFY that on March 10, 2016

AJIT BAINS
personally came before me and stated to my satisfaction that this person (or if more than one, each person): (a) was
the maker of the attached instrument;
(b) was authorized to and did execute this instrument as managing member

Of 187 PINE STREET ASSOCIATES, LLC, the entity named in this instrument; and, (c) executed this
instrument as the act of the entity named in this instrument.

_____

*Print name and title below signature*                          JAY L. YACKOW
                                                               NOTARY PUBLIC - STATE OF NEW YORK
                                                                      NO. 4793749
***MORTGAGE***                                                 QUALIFIED IN NASSAU COUNTY
                                                               COMMISSION EXPIRES OCT. 31, 2017
                                        *Dated: March 10, 2016*

---

187 PINE STREET ASSOCIATES, LLC

                      *Mortgagor*                    *Record & Return to:*

        *TO*                                         JAY L. YACKOW, ESQ.
                                                     355 Post Avenue, Suite 201
99 SECOND REALTY LLC                                 Westbury, New York 11501

                   *Secured Party.*

Hudson County Register 20160420060062330 5/5

## FIRST AMERICAN TITLE INSURANCE COMPANY

### TITLE INSURANCE COMMITMENT
File Number: 133 GLA 418920

### SCHEDULE C LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Jersey City, County of Hudson, State of New Jersey:

BEGINNING at a point in the northwesterly sideline of Pine Street distant 157.00 feet southerly from the intersection formed by the northwesterly sideline of Pine Street and the southwesterly sideline of Communipaw Avenue and running; thence

1) South 57 degrees, 00 minutes, 00 seconds West, 53.00 feet to a point; thence

2) North 33, degrees, 00 minutes, 00 seconds West, 112.00 feet to a point; thence

3) North 57 degrees, 00 minutes, 00 seconds East, 53.00 feet to a point; thence

4) South 33 degrees, 00 minutes, 00 seconds East, 112.00 feet to the point and place of BEGINNING.

NOTE FOR INFORMATION ONLY: Being Lot(s) 4.G, Block 2045, Tax Map of the City of Jersey City, County of Hudson.

Issued by:
**General Land Abstract Company**
One Gateway Center
Suite 2503
Newark, NJ 07102-5311
Telephone: (973) 621-7400
Fax: (973) 621-7488

ALTA Commitment - Schedule A, B1 & B2

```
FILED
20160420060062330
04/20/2016  10:43:14 AM
MORTGAGES
NUMBER OF PAGES : 5
LPHILLIPS
```

# EXHIBIT C
# MORTGAGE RECORDED
# IN MERCER COUNTY

INSTR # 2016017059
M BK 11192 PG 750 Pgs 750 - 7541 (5 pgs)
RECORDED 04/11/2016 10:27:59 AM
PAULA SOLLAMI COVELLO, COUNTY CLERK
MERCER COUNTY, NEW JERSEY

# Mortgage

This mortgage is made on March 10, 2016

**BETWEEN**

**AJIT SINGH BAINS and DILJIT BAINS,** whose address is 104 Aspen Drive, West Windsor, New Jersey 08550

referred to as the "Mortgagors"

**AND**

**99 SECOND REALTY LLC,** a New York limited liability company whose address is 377 Park Avenue South, 3rd floor, New York, New York 10016

referred to as the "Secured Party"

**1.** This mortgage is given as collateral pursuant to a Guaranty and Security Agreement of even date made by the mortgagors to the secured party guarantying the liabilities of BLCH I LLC, AJIT BAINS and SATINDER SHARMA to secured party in the amount of $686,502.13 and securing the guaranty with this mortgage.

**2.  Property Mortgaged.**    The property mortgaged (called the "Property") to the secured party is located in the Township of West Windsor, County of Mercer and State of New Jersey.  The Property includes: (a) the land; (b) all buildings that are now, or will be, located on the land; (c) all fixtures that are now, or will be, attached to the land or building(s) (for example, furnaces, bathroom fixtures and kitchen cabinets); (d) all condemnation awards and insurance proceeds relating to the land and building(s); and (e) all other rights that mortgagors have, or will have, as owner of the Property. The legal description is Block 10.03, Lot 1.02

See attached Legal Description annexed hereto and made a part hereof.

**3.  Rights Given to Secured Party.**    Mortgagors mortgage the Property to the secured party. This means that mortgagors give the secured party those rights stated in this Mortgage and also those rights the law gives to secured parties who hold mortgages on real property. When mortgagors pay all amounts due to the secured party under the Guaranty and Security Agreement and this Mortgage, the secured party's rights under this Mortgage will end. The secured party will then cancel this Mortgage at mortgagors' expense.

**4.  Promises.**   Mortgagors make the following promises to the Secured party:

    a. Mortgagors will comply with all of the terms of the Guaranty and Security Agreement and this Mortgage.

    b. Mortgagors will make all payments required by the Guaranty and Security Agreement and this Mortgage.

    **c.   Ownership.**    Mortgagors warrant title to the premises (N.J.S.A. 46:9-2). This means mortgagors own the Property and will defend mortgagors' ownership against all claims.

    **d. Liens and Taxes**.    Mortgagors will pay all liens, taxes, assessments and other government charges made against the Property when due. Mortgagors will not claim any deduction from the taxable value of the Property because of this Mortgage. Mortgagors will not claim any credit against the liabilities payable under the Guaranty and Security Agreement and this Mortgage for any taxes paid on the Property.

MTG
5 pgs
$73.00
# 314964

**e. Insurance.**   Mortgagors must maintain extended coverage fire or property insurance on the Property. The secured party may also require that mortgagors maintain flood insurance or other types of insurance. The insurance companies, policies, amounts, and types of coverage must be acceptable to the secured party. Mortgagors notify the secured party in the event of any substantial loss or damage. The secured party may then settle the claim on mortgagors' behalf if mortgagors fail to do so. All payments from the insurance company must be payable to the secured party under a "standard mortgage clause" in the insurance policy. The secured party may use any proceeds to repair and restore the Property or to reduce the amount due under the Guaranty and Security Agreement and this Mortgage.   This will not delay the due date for any payment under the Guaranty and Security Agreement and this Mortgage.

**f. Repairs.**   Mortgagors will keep the Property in good repair, neither damaging nor abandoning it. Mortgagors will allow the secured party to inspect the Property upon reasonable notice to me.

**g. Statement of Amount Due.**   Upon request of the secured party, mortgagors will certify to the secured party in writing: (a) the amount due on the Guaranty and Security Agreement and this Mortgage, and (b) whether or not mortgagors have any defense to mortgagors obligations under the Guaranty and Security Agreement and this Mortgage.

**h. Rent.**   Mortgagors will not accept rent from any tenant for more than one month in advance.

**i. Lawful Use.**   Mortgagors will use the Property in compliance with all laws, ordinances and other requirements of any governmental authority.

**5. Eminent Domain.**   All or part of the Property may be taken by a government entity for public use. If this occurs, mortgagors agree that any compensation be given to the secured party. The secured party may use this to repair and restore the Property or to reduce the amount owed on the Guaranty and Security Agreement and this Mortgage. This will not delay the due date for any further payment under the Guaranty and Security Agreement and this Mortgage.  Any remaining balance will be paid to mortgagors.

**6. Intentionally Deleted.**

**7. Payments Made for Mortgagors**.   If mortgagors do not make all of the repairs or payments as agreed in this Mortgage, the secured party may do so for mortgagors. The cost of these repairs and payments will be added to the liabilities, will bear interest at the same rate provided in the Guaranty and Security Agreement and will be repaid to the secured party upon demand.

**8. Default**.   The secured party may declare that mortgagors in default on the Guaranty and Security Agreement and this Mortgage if:

   **a.** Mortgagors fail to make any payment required by the Guaranty and Security Agreement and this Mortgage;
   **b.** Mortgagors fail to keep any other promise mortgagors make in this Mortgage;
   **c.** the ownership of the Property is changed for any reason;
   **d.** the holder of any lien on the Property starts foreclosure proceedings; or
   **e.** bankruptcy, insolvency or receivership proceedings are started by or against any of the mortgagors.

**9. Payments Due Upon Default.**   If the secured party declares that mortgagors are in default, mortgagors must immediately pay the full amount of all unpaid liabilities and other amounts due pursuant to the Guaranty and Security Agreement and this Mortgage and the secured party's costs of collection and reasonable attorney fees.

-2-

**10. Secured Party's Rights Upon Default.**   If the secured party declares that the Guaranty and Security Agreement and this Mortgage are in default, the secured party will have all rights given by law or set forth in this Mortgage. This includes the right to do any one or more of the following:

  a. take possession of and manage the Property, including the collection of rents and profits;
  b. have a court appoint a receiver to accept rent for the Property (mortgagors consent to this);
  c. start a court action, known as foreclosure, which will result in a sale of the Property to reduce mortgagors obligations under the Guaranty and Security Agreement and this Mortgage; and
  d. sue mortgagors for any money that mortgagors owe the secured party.

**11. Notices.**   All notices must be in writing and personally delivered or sent by certified mail, return receipt requested, to the address given in this Mortgage. Address changes may be made upon notice to the other party. Notices shall be deemed received upon delivery or rejection or two (2) days after mailing.

**12. No Waiver by Secured Party.**   Secured party may exercise any right under this Mortgage or under any law, even if secured party has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Secured party does not waive its right to declare that mortgagors are in default by making payments or incurring expenses on mortgagors' behalf.

**13. Each Person Liable.**   This Mortgage is legally binding upon each mortgagors and all who succeed to their responsibilities (such as heirs and executors). The secured party may enforce any of the provisions of the Guaranty and Security Agreement and this Mortgage against any one or more of the mortgagors who sign this Mortgage.

**14. No Oral Changes.**   This Mortgage can only be changed by an agreement in writing signed by both the mortgagors and the secured party.

**15. Signatures.**   Mortgagors agree to the terms of this Mortgage.

Witnessed or Attested by:

_____                         _____
                                                AJIT SINGH BAINS

                                                _____
N A                                             DILJIT BAINS

-3-

STATE OF NEW JERSEY, COUNTY OF Mercer                                        SS:

I CERTIFY that on March 15, 2016, DALJIT BAINS personally came before me and stated to my satisfaction that this person (or if more than one, each person): (a) was the maker of the attached instrument; and, (b) executed this instrument as his or her own act.

_Print name and title below signature_

ROSA M HERRERA
Notary Public
State of New Jersey
My Commission Expires Sept. 05, 2019
I.D.# 2449714

STATE OF NEW YORK, COUNTY OF NEW YORK

I CERTIFY that on March 10, 2016, AJIT BAINS personally came before me and stated to my satisfaction that this person (or if more than one, each person): (a) was the maker of the attached instrument; and, (b) executed this instrument as his or her own act.

_Print name and title below signature_

JAY L. YACKOW
NOTARY PUBLIC - STATE OF NEW YORK
NO. 4793749
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES OCT. 31, 2017

_**MORTGAGE**_                              Dated: March 10, 2016

---

AJIT SINGH BAINS and DILJIT BAINS

        _Mortgagors_                        _Record & Return to:_

        _TO_                                JAY L. YACKOW, ESQ.
                                            355 Post Avenue, Suite 201
99 SECOND REALTY LLC                        Westbury, New York 11501

        _Secured Party._

---

Book11192/Page753    CFN#2016017059                        Page 4 of 5

# A-1 LAND SURVEYS, INC.
### PROFESSIONAL LAND SURVEYORS
BOX 1192  TRENTON, N.J.  08606

| IN NEW JERSEY | MORTGAGE TITLE SURVEYS | IN PENNA. |
|---|---|---|
| PHONE  800-225-5421 | PROPERTY CORNER STAKEOUTS | PHONE  215-493-9742 |
| FAX  800-995-5421 | SUBDIVISIONS | FAX  215-493-9743 |

Order No. 103-28477  
Title No.  65437221

Date 9-16-03

DESCRIPTION OF  
PROPERTY FOR:  **DALJIT BAINS &**  
**AJIT SINGH**  
102 Aspen Drive  
Township of West Windsor  
County of Mercer  
New Jersey

THE HEREIN DESCRIBED property, parcel, lot, tract of land, including buildings, structures and improvements thereupon and any additional subordinate rights or privileges relevant thereto, is situate and located in the Township of West Windsor, County of Mercer and State of New Jersey.

BEING known and designated as Tax Lot 1.02, Block 30.03, Page 42.01, Township of West Windsor and being more particularly bounded and described as follows to wit.

BEGINNING at a point in the Easterly line of Aspen Drive, 50.00 feet wide, said point being the Southerly terminus of a 25.00 foot radius arc connecting the Southerly line of Sundance Court, 50.00 feet wide, with the Easterly line of Aspen Drive and running; thence

(1) Along the Easterly line of Aspen Drive, South 22 degrees 08 minutes 32 seconds West, a distance of 301.70 feet to a point; thence

(2) North 67 degrees 31 minutes 28 seconds East, a distance of 358.17 feet to a point, in line with lot 2; thence

(3) Along a portion of lot 2, North 17 degrees 30 minutes East, a distance of 331.44 feet to a point in the Southerly line of Sundance Court; thence

(4) Along the Southerly line of Sundance Court, North 67 degrees 51 minutes 28 seconds West, a distance of 277.65 feet to a point; thence

(5) Along same, and along an arc having a radius of 25.00 feet and curving to the left, a distance of 39.27 feet to the point and place of BEGINNING.

SAID above described tract of land being known as Lot 1.02, Block 30.03, as shown on a map entitled "Final Map of King's Hollow" filed in the Mercer County Clerk's Office on January 19, 1995 as Map No. 3192.

SUBJECT to a 40.00 foot front setback line as shown on the above referenced filed map.

ALSO subject to a 5.00 foot wide utility easement, running along Aspen Drive, as shown on the above referenced filed map.

ALSO subject to a conservation easement as shown on the above referenced filed map.

ALSO subject to a sight triangle easement as shown on the above referenced filed map.

ALSO subject to all restrictions and easements of record, if any.

AS shown on a plan prepared by A-1 Land Surveys, dated 9-16-03, File No. 103-28477.

9-16-03

MAX V. RAFFALLE  
N.J.P.L.S. 35869

DATE

# EXHIBIT D
# LETTER OF DEMAND DATED
# DECEMBER 2, 2016

**99 Second Realty LLC**
377 Park Avenue South, 3rd Floor
New York, New York 10016
(212) 213-2500

**VIA FEDERAL EXPRESS**
**AND FIRST CLASS MAIL**

December 2, 2016

BLCH I LLC
99 Second Avenue
New York, New York 10003

Re:   99 Second Realty LLC vs. BLCH I LLC
      Premises: The Store and Partial Basement
                thereunder in the Building known as
                99 Second Avenue
                New York, New York 10003
                Index No. 60272/2013

Dear Sirs:

Please be advised that you are in default of the Stipulation of Settlement dated March 10, 2016 as you have failed to pay the Arrears Payments and the Current Rent Payments as provided therein.  A copy of the Stipulation is enclosed.

As per the attached Arrears Payments and Current Rent Payments Schedule and the Ledger, there is currently the sum of $197,806.19 due and owing.

Pursuant to the Stipulation, five (5) days written notice to cure is hereby given.

In the event that a bank or certified check in the amount of $197,806.19 made payable to "99 Second Realty LLC" is not received within five (5) days from the date hereof at the landlord's office, we will be left with no alternative but to enforce the terms of the Stipulation.

This will include but not be limited to, proceeding with the Marshal's re-execution of the Warrant of Eviction, commencing an action against the guarantors for recovery of all sums due and owing including costs and expenses and attorney's fees and/or foreclosing the mortgages executed as collateral for the guarantees.

Please be guided accordingly.

99 Second Realty LLC

Encls.
cc: Jay L. Yackow, Esq. **(VIA E-MAIL)**

# EXHIBIT E
# PLAINTIFF'S LEDGER

# Statement

BLCH I, LLC
99 Second Avenue,   2nd Flo
New York, NY  10003

| Date |
|------|
| May 15, 2020 |

| Date | Description | Charges | Payments | Balance |
|------|-------------|--------:|---------:|--------:|
| 03/10/2014 | NSF Check | 7,942.52 | | 118,052.74 |
| 03/11/2014 | Late Fees | 382.45 | | 118,435.19 |
| 03/26/2014 | Legal Fees | 123.76 | | 118,558.95 |
| 04/01/2014 | Rent | 7,649.00 | | 126,207.95 |
| 04/11/2014 | Late Fees | 382.45 | | 126,590.40 |
| 05/01/2014 | Rent | 7,649.00 | | 134,239.40 |
| 05/11/2014 | Late Fees | 382.45 | | 134,621.85 |
| 05/21/2014 | Payment | | 10,194.00 | 124,427.85 |
| 06/01/2014 | Rent | 7,649.00 | | 132,076.85 |
| 06/11/2014 | Late Fees | 382.45 | | 132,459.30 |
| 07/01/2014 | Rent | 7,649.00 | | 140,108.30 |
| 07/08/2014 | Payment | | 8,000.00 | 132,108.30 |
| 07/11/2014 | Late Fees | 382.45 | | 132,490.75 |
| 08/01/2014 | Rent | 7,649.00 | | 140,139.75 |
| 08/11/2014 | Late Fees | 382.45 | | 140,522.20 |
| 08/19/2014 | Payment | | 7,649.00 | 132,873.20 |
| 09/01/2014 | Rent | 7,649.00 | | 140,522.20 |
| 09/12/2014 | Late Fees | 382.45 | | 140,904.65 |
| 10/01/2014 | Rent | 7,649.00 | | 148,553.65 |
| 10/11/2014 | Late Fees | 382.45 | | 148,936.10 |
| 11/01/2014 | Rent | 7,649.00 | | 156,585.10 |
| 11/10/2014 | Payment | | 7,649.00 | 148,936.10 |
| 11/11/2014 | Late Fees | 382.45 | | 149,318.55 |
| 12/01/2014 | Rent | 7,649.00 | | 156,967.55 |
| 12/05/2014 | Payment | | 15,000.00 | 141,967.55 |
| 12/11/2014 | Late Fees | 382.45 | | 142,350.00 |
| 01/01/2015 | Rent | 7,649.00 | | 149,999.00 |
| 01/07/2015 | Payment | | 7,649.00 | 142,350.00 |
| 01/11/2015 | Late Fees | 382.45 | | 142,732.45 |
| 02/01/2015 | Rent | 7,878.00 | | 150,610.45 |
| 02/10/2015 | Payment | | 7,649.00 | 142,961.45 |
| 03/01/2015 | Rent | 7,878.00 | | 150,839.45 |
| 03/09/2015 | Payment | | 7,649.00 | 143,190.45 |
| 03/11/2015 | Late Fees | 393.90 | | 143,584.35 |
| 03/20/2015 | Legal Fees | 303.58 | | 143,887.93 |
| 04/01/2015 | Rent | 7,878.00 | | 151,765.93 |
| 04/11/2015 | Late Fees | 393.90 | | 152,159.83 |
| 04/15/2015 | Payment | | 7,649.00 | 144,510.83 |
| 04/23/2015 | NSF Check Fee | 25.00 | | 144,535.83 |
| 04/23/2015 | NSF Check | 7,649.00 | | 152,184.83 |
| 05/01/2015 | Rent | 7,878.00 | | 160,062.83 |
| 05/05/2015 | Payment | | 25,000.00 | 135,062.83 |
| 05/11/2015 | Late Fees | 393.90 | | 135,456.73 |
| 06/01/2015 | Rent | 7,878.00 | | 143,334.73 |
| 06/08/2015 | Payment | | 7,818.00 | 135,516.73 |
| 06/11/2015 | Late Fees | 393.90 | | 135,910.63 |
| 07/01/2015 | Rent | 7,878.00 | | 143,788.63 |
| 07/11/2015 | Late Fees | 393.90 | | 144,182.53 |
| 08/01/2015 | Rent | 7,878.00 | | 152,060.53 |
| 08/11/2015 | Late Fees | 393.90 | | 152,454.43 |
| 08/20/2015 | Payment | | 7,818.00 | 144,636.43 |

# Statement

BLCH I, LLC
99 Second Avenue,   2nd Flo
New York, NY  10003

| Date |
|---|
| May 15, 2020 |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| 08/31/2015 | NSF Check Fee | 25.00 | | 144,661.43 |
| 08/31/2015 | NSF Check | 7,818.00 | | 152,479.43 |
| 09/01/2015 | Rent | 7,878.00 | | 160,357.43 |
| 09/11/2015 | Payment | | 7,818.00 | 152,539.43 |
| 09/11/2015 | Late Fees | 393.90 | | 152,933.33 |
| 10/01/2015 | Rent | 7,878.00 | | 160,811.33 |
| 10/11/2015 | Late Fees | 393.90 | | 161,205.23 |
| 10/27/2015 | Payment | | 7,818.00 | 153,387.23 |
| 11/01/2015 | Rent | 7,878.00 | | 161,265.23 |
| 11/02/2015 | NSF Check Fee | 25.00 | | 161,290.23 |
| 11/02/2015 | NSF Check | 7,818.00 | | 169,108.23 |
| 11/04/2015 | Payment | | 7,818.00 | 161,290.23 |
| 11/10/2015 | Late Fees | 393.90 | | 161,684.13 |
| 11/12/2015 | Payment | | 7,818.00 | 153,866.13 |
| 11/17/2015 | NSF Check Fee | 25.00 | | 153,891.13 |
| 11/17/2015 | NSF Check | 7,818.00 | | 161,709.13 |
| 12/01/2015 | Rent | 7,878.00 | | 169,587.13 |
| 12/11/2015 | Late Fees | 393.90 | | 169,981.03 |
| 01/01/2016 | Rent | 7,878.00 | | 177,859.03 |
| 01/11/2016 | Late Fees | 393.90 | | 178,252.93 |
| 01/21/2016 | Payment | | 7,818.00 | 170,434.93 |
| 02/01/2016 | Rent | 8,114.00 | | 178,548.93 |
| 02/08/2016 | Payment | | 5,000.00 | 173,548.93 |
| 02/11/2016 | Late Fees | 405.70 | | 173,954.63 |
| 03/01/2016 | Rent | 8,114.00 | | 182,068.63 |
| 03/11/2016 | Late Fees | 405.70 | | 182,474.33 |
| 04/01/2016 | Rent | 8,114.00 | | 190,588.33 |
| 04/11/2016 | Late Fees | 405.70 | | 190,994.03 |
| 05/01/2016 | Rent | 8,114.00 | | 199,108.03 |
| 05/11/2016 | Late Fees | 405.70 | | 199,513.73 |
| 05/27/2016 | Payment | | 100,000.00 | 99,513.73 |
| 05/31/2016 | FOR COLLECTION | | 99,513.73 | 0.00 |
| | | $548,411.56 | $548,411.56 | $0.00 |

| | 0-30 days | 31-60 days | 61-90 days | 91+ days | Other | Amount Due |
|---|---|---|---|---|---|---|
| | $ 0.00 | $ 0.00 | $ 0.00 | $ 14,000.00 | ($14,000.00) | $0.00 |

Page 4 of 4

# Statement

BLCH I, LLC
99 Second Avenue,   STORE
New York, NY  10003

| Date |
|---|
| May 15, 2020 |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| 12/05/2016 | NSF Check Fee | 25.00 | | 554,005.84 |
| 12/05/2016 | NSF Check | 5,000.00 | | 559,005.84 |
| 12/20/2016 | Payment | | 6,500.00 | 552,505.84 |
| 12/20/2016 | Payment | | 7,000.00 | 545,505.84 |
| 12/28/2016 | Payment | | 6,500.00 | 539,005.84 |
| 01/01/2017 | Rent | 20,867.00 | | 559,872.84 |
| 01/01/2017 | Real Estate Taxes | 1,095.00 | | 560,967.84 |
| 01/17/2017 | Payment | | 10,000.00 | 550,967.84 |
| 01/23/2017 | Payment | | 10,000.00 | 540,967.84 |
| 02/01/2017 | Rent | 21,493.00 | | 562,460.84 |
| 02/01/2017 | Real Estate Taxes | 1,095.00 | | 563,555.84 |
| 03/01/2017 | Rent | 21,493.00 | | 585,048.84 |
| 03/01/2017 | Real Estate Taxes | 1,095.00 | | 586,143.84 |
| 03/01/2017 | Payment | | 4,000.00 | 582,143.84 |
| 03/20/2017 | Payment | | 13,500.00 | 568,643.84 |
| 03/20/2017 | Payment | | 5,500.00 | 563,143.84 |
| 03/20/2017 | Payment | | 3,000.00 | 560,143.84 |
| 04/01/2017 | Rent | 21,493.00 | | 581,636.84 |
| 04/01/2017 | Real Estate Taxes | 1,095.00 | | 582,731.84 |
| 04/19/2017 | Payment | | 7,000.00 | 575,731.84 |
| 04/19/2017 | Payment | | 3,000.00 | 572,731.84 |
| 04/19/2017 | Payment | | 12,000.00 | 560,731.84 |
| 04/27/2017 | Water & Sewer (10/27/2016 - 1/23/2017) | 4,421.76 | | 565,153.60 |
| 04/27/2017 | Water and Sewer (Service Fee) | 150.00 | | 565,303.60 |
| 05/01/2017 | Rent | 21,493.00 | | 586,796.60 |
| 05/01/2017 | Real Estate Taxes | 1,095.00 | | 587,891.60 |
| 05/04/2017 | Water & Sewer (1/23/2017 - 4/26/2017) | 3,869.04 | | 591,760.64 |
| 05/04/2017 | Water and Sewer (Service Fee) | 150.00 | | 591,910.64 |
| 05/17/2017 | Payment | | 10,000.00 | 581,910.64 |
| 05/17/2017 | Payment | | 6,000.00 | 575,910.64 |
| 05/17/2017 | Payment | | 4,000.00 | 571,910.64 |
| 05/23/2017 | Payment | | 4,000.00 | 567,910.64 |
| 06/01/2017 | Rent | 21,493.00 | | 589,403.64 |
| 06/01/2017 | Real Estate Taxes | 1,095.00 | | 590,498.64 |
| 06/20/2017 | Payment | | 10,000.00 | 580,498.64 |
| 06/27/2017 | Payment | | 6,000.00 | 574,498.64 |
| 06/27/2017 | Payment | | 6,000.00 | 568,498.64 |
| 07/01/2017 | Rent | 21,493.00 | | 589,991.64 |
| 07/01/2017 | Real Estate Taxes | 1,298.00 | | 591,289.64 |
| 07/17/2017 | Payment | | 12,000.00 | 579,289.64 |
| 08/01/2017 | Rent | 21,493.00 | | 600,782.64 |
| 08/01/2017 | Real Estate Taxes | 1,298.00 | | 602,080.64 |
| 08/03/2017 | Payment | | 5,000.00 | 597,080.64 |
| 08/03/2017 | Payment | | 5,000.00 | 592,080.64 |
| 08/25/2017 | Payment | | 10,000.00 | 582,080.64 |
| 08/25/2017 | Payment | | 6,000.00 | 576,080.64 |
| 08/25/2017 | Payment | | 6,000.00 | 570,080.64 |
| 09/01/2017 | Rent | 21,493.00 | | 591,573.64 |
| 09/01/2017 | Real Estate Taxes | 1,298.00 | | 592,871.64 |
| 10/01/2017 | Rent | 21,493.00 | | 614,364.64 |
| 10/01/2017 | Real Estate Taxes | 1,298.00 | | 615,662.64 |

# Statement

BLCH I, LLC
99 Second Avenue,  STORE
New York, NY  10003

| Date |
| --- |
| May 15, 2020 |

| Date | Description | Charges | Payments | Balance |
| --- | --- | --- | --- | --- |
| 10/02/2017 | Payment | | 5,000.00 | 610,662.64 |
| 10/02/2017 | Payment | | 1,000.00 | 609,662.64 |
| 10/17/2017 | Payment | | 2,000.00 | 607,662.64 |
| 10/17/2017 | Payment | | 1,000.00 | 606,662.64 |
| 10/17/2017 | Payment | | 5,000.00 | 801,662.64 |
| 10/23/2017 | Payment | | 5,000.00 | 596,662.64 |
| 10/23/2017 | Payment | | 1,000.00 | 595,662.64 |
| 10/23/2017 | Payment | | 5,000.00 | 590,662.64 |
| 10/23/2017 | Payment | | 1,000.00 | 589,662.64 |
| 10/31/2017 | NSF Check Fee | 25.00 | | 589,687.64 |
| 10/31/2017 | NSF Check | 1,000.00 | | 590,687.64 |
| 10/31/2017 | NSF Check Fee | 25.00 | | 590,712.64 |
| 10/31/2017 | NSF Check | 1,000.00 | | 591,712.64 |
| 10/31/2017 | NSF Check Fee | 25.00 | | 591,737.64 |
| 10/31/2017 | NSF Check | 5,000.00 | | 596,737.64 |
| 10/31/2017 | NSF Check Fee | 25.00 | | 596,762.64 |
| 10/31/2017 | NSF Check | 5,000.00 | | 601,762.64 |
| 11/01/2017 | Rent | 21,493.00 | | 623,255.64 |
| 11/01/2017 | Real Estate Taxes | 1,298.00 | | 624,553.64 |
| 11/01/2017 | Water & Sewer ( 7/18/17 - 10/23/17 ) | 8,271.06 | | 632,824.70 |
| 11/06/2017 | Payment | | 5,000.00 | 627,824.70 |
| 11/06/2017 | Payment | | 1,000.00 | 626,824.70 |
| 11/20/2017 | Payment | | 21,000.00 | 605,824.70 |
| 12/01/2017 | Rent | 21,493.00 | | 627,317.70 |
| 12/01/2017 | Real Estate Taxes | 1,298.00 | | 628,615.70 |
| 12/14/2017 | Payment | | 22,000.00 | 606,615.70 |
| 01/01/2018 | Rent | 21,493.00 | | 628,108.70 |
| 01/01/2018 | Real Estate Taxes | 1,298.00 | | 629,406.70 |
| 01/18/2018 | Payment | | 10,000.00 | 619,406.70 |
| 01/22/2018 | Payment | | 10,000.00 | 609,406.70 |
| 02/01/2018 | Rent | 22,138.00 | | 631,544.70 |
| 02/01/2018 | Real Estate Taxes | 1,298.00 | | 632,842.70 |
| 02/02/2018 | Water & Sewer (10/23/2017 - 1/22/2018) | 5,142.27 | | 637,984.97 |
| 02/02/2018 | Water and Sewer (Service Fee) | 150.00 | | 638,134.97 |
| 02/07/2018 | Payment | | 2,000.00 | 636,134.97 |
| 02/20/2018 | Payment | | 4,000.00 | 632,134.97 |
| 02/20/2018 | Payment | | 18,000.00 | 614,134.97 |
| 02/23/2018 | NSF Check Fee | 25.00 | | 614,159.97 |
| 02/27/2018 | NSF Check | 4,000.00 | | 618,159.97 |
| 03/01/2018 | Rent | 22,138.00 | | 640,297.97 |
| 03/01/2018 | Real Estate Taxes | 1,298.00 | | 641,595.97 |
| 03/05/2018 | Payment | | 4,040.00 | 637,555.97 |
| 03/20/2018 | Payment | | 10,000.00 | 627,555.97 |
| 03/26/2018 | Payment | | 10,000.00 | 617,555.97 |
| 03/26/2018 | Payment | | 2,000.00 | 615,555.97 |
| 03/30/2018 | NSF Check Fee | 25.00 | | 615,580.97 |
| 03/30/2018 | NSF Check | 10,000.00 | | 625,580.97 |
| 04/01/2018 | Rent | 22,138.00 | | 647,718.97 |
| 04/01/2018 | Real Estate Taxes | 1,298.00 | | 649,016.97 |
| 04/02/2018 | Payment | | 10,000.00 | 639,016.97 |
| 04/18/2018 | Payment | | 20,000.00 | 619,016.97 |

# Statement

BLCH I, LLC
99 Second Avenue,   STORE
New York, NY  10003

| Date |
| --- |
| May 15, 2020 |

| Date | Description | Charges | Payments | Balance |
| --- | --- | --- | --- | --- |
| 04/25/2018 | Water & Sewer ( 1/22/18 - 4/23/18 ) | 4,017.09 | | 623,034.06 |
| 04/25/2018 | Water & Sewer ( Service Fee ) | 150.00 | | 623,184.06 |
| 05/01/2018 | Rent | 22,138.00 | | 645,322.06 |
| 05/01/2018 | Real Estate Taxes | 1,298.00 | | 646,620.06 |
| 06/01/2018 | Rent | 22,138.00 | | 668,758.06 |
| 06/01/2018 | Real Estate Taxes | 1,298.00 | | 670,056.06 |
| 07/01/2018 | Rent | 22,138.00 | | 692,194.06 |
| 07/01/2018 | Real Estate Taxes | 1,298.00 | | 693,492.06 |
| 07/18/2018 | Water & Sewer (4/23/2018 - 7/16/2018) | 4,708.00 | | 698,200.06 |
| 07/18/2018 | Water and Sewer (Service Fee) | 150.00 | | 698,350.06 |
| 08/01/2018 | Real Estate Taxes | 1,298.00 | | 699,648.06 |
| 08/01/2018 | Rent | 22,138.00 | | 721,786.06 |
| 11/19/2019 | FOR COLLECTION | | 721,786.06 | 0.00 |
| | | ,206,031.96 | ,206,031.96 | $0.00 |

| | 0-30 days | 31-60 days | 61-90 days | 91+ days | Other | Amount Due |
| --- | --- | --- | --- | --- | --- | --- |
| | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $0.00 |

Page 10 of 10